## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00910-CMA-NYW

PATRICK R. MCDONALD,

      Plaintiff,

v.

SABINE OIL & GAS CORPORATION,

      Defendant.

---

### ~~JOINT MOTION FOR ENTRY OF~~ STIPULATED PROTECTIVE ORDER

---

~~Plaintiff Patrick R. McDonald and Defendant Sabine Oil & Gas Corporation move that the Court enter a Stipulated Protective Order to protect confidential information that may be produced in discovery in this action.   The proposed Order below is based on the approved protective order entered in this District in the matter of~~ *~~Gillard v. Boulder Valley School District~~*~~, 196 F.R.D. 382 (D. Colo. 2000).~~

### **STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure ("Discovery

Information").  Discovery Information shall not be used for any purpose except the preparation and trial of this case.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests of Plaintiff or Defendant, including confidential and proprietary information about the business of Sabine Oil & Gas Corporation, or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys  actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, and their designated representatives;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice

shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.   In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      In the event that any party or non-party inadvertently produces documents, materials, or information that it determines to be CONFIDENTIAL, without designating them as such, that party or non-party may provide written notice demanding that the inadvertently produced documents, materials or information and all copies thereof either be returned within three (3) days or immediately stamped with the appropriate designation.  The receiving party shall comply with the demand, but may then challenge the claim of confidentiality as provided elsewhere in this Protective Order.

10.     Inadvertent production of any document in this action by any party or non-party that the producing party later claims should have been withheld on grounds of a privilege, including the work product doctrine (an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection.  A party or non-party may

request the return of any Inadvertently Produced Privileged Document by identifying the document and stating the basis for withholding such document from production and providing any other information that would be listed on a supplemental privilege log disclosing the document.  If, pursuant to this paragraph, a party or non-party requests the return of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the receiving parties shall within three (3) business days return to the requesting party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Document.  After a document is returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

11.     To the extent that any party seeks to file a document, pleading, or brief with the court that contains information that has been designated as CONFIDENTIAL, that party shall file the document as a restricted document pursuant to Local Rule 7.2(e).  To the extent that any party seeks to restrict any court filing on the basis that it contains information that has been designated as CONFIDENTIAL, the party will file an appropriate motion and comply with all requirements of D.C. COLO. L Civ R 7.2.  Nothing in this Protective Order requires the court to restrict any filing.

12.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.


Dated:  July 9, 2015                          BY THE COURT:



                                              s/ Nina Y. Wang
                                              Nina Y. Wang
                                              United States Magistrate Judge

Dated: July 1, 2015

/s/ Tess Hand-Bender
Tess Hand-Bender
Daniel Reilly
REILLY POZNER LLP
1900 Sixteenth Street, Ste. 1700
Denver, CO 80202
Tel: (303) 893-6100
Fax: (303) 893-6110
dreilly@rplaw.com
thandbender@rplaw.com

Marc E. Kasowitz
Kenneth R. David
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
mkasowitz@kasowitz.com
kdavid@kasowitz.com

*Attorneys for Plaintiff Patrick R. McDonald*

Respectfully submitted,

/s/ Gregory J. Kerwin
Gregory J. Kerwin
Allison K. Kostecka
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202
Tel: (303) 298-5700
Fax: (303) 313-2829
gkerwin@gibsondunn.com
akostecka@gibsondunn.com

Gabor Balassa, P.C.
A. Katrine Jakola
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200
gabor.balassa@kirkland.com
katie.jakola@kirkland.com

*Attorneys for Defendant Sabine Oil & Gas Corporation*

## CERTIFICATE OF SERVICE

I, hereby certify that on July 1, 2015 I served a copy of the foregoing **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** through the Electronic Court Filing system to all counsel of record.

_/s/ Loretta Howard_
Loretta Howard

## EXHIBIT A

I have read the attached Protective Order entered by the Court in *McDonald v. Sabine Oil & Gas Corporation*, No. 1:15-cv-00910 (D. Colo.) and agree to be bound by its provisions.

Date: _____

_____
Printed Name

_____
Signature


_____


_____
Addresss